[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Before: THE HONORABLE ARTHUR L. SPADA THE HONORABLE JOHN J. LANGENBACH THE HONORABLE KEVIN P. McMAHON
Appearances:
For the State:
 DAWN GALLO, ESQ. DENNIS O'CONNOR, ESQ.
For the Defendant:
SARA BERNSTEIN, ESQ.
 Robin Buscetto Court Reporter
JUDGE SPADA: Good morning, ladies and gentlemen. You may be seated.
This trial in three counts before a three judge tribunal commenced on May 11 and concluded on May 17. In the first count the defendant is charged with The crime of murder. The panel finds the defendant guilty unanimously.
Do you concur, Judge Langenbach?
JUDGE LANGENBACH: I do.
JUDGE SPADA: Do you concur, Judge McMahon? CT Page 6772
JUDGE McMABON: Yes.
JUDGE SPADA: As to the first count of committing the crime of murder, the panel finds unanimously the defendant guilty. The panel found that the evidence established beyond a reasonable doubt that the defendant intended to cause the death of another person, and that in accordance with that intent, the defendant caused the death of that person identified at trial as Jearline Blakley.
In the second count the state has charged the defendant with the crime of arson murder, Connecticut General Statute 53a-54d. On this count the panel finds the defendant guilty by a vote of two to one. The panel is split as to the second count.
Judge Langenbach, you found in the second count the defendant?
JUDGE LANGENBACH: Guilty.
JUDGE SPADA: Judge McMahon, you found the defendant?
JUDGE McMAHON Guilty.
JUDGE SPADA: Judge Spada was unable to find the defendant guilty of arson murder for legal reasons, the issue of which is unprecedented and has not been directly addressed in this state as to whether or not arson in the third degree can be a sufficient enough predicate to satisfy the requirements of arson murder. The dissent in this panel concluded that the necessary predicate for arson murder is arson in the first degree.
As to the third count, arson in the — let me state for the record that the majority of the panel is concluded that the evidence established beyond a reasonable doubt that the defendant started the fire and that he caused the death of Jearline Blakley in the established beyond a reasonable doubt.
As to the third count, the state charges the defendant with arson in the third degree. The panel has concluded that the evidence established beyond a reasonable doubt that the defendant is guilty in the third count.
Do you concur, Judge Langenbach? CT Page 6773
JUDGE LANGENBACH: I do.
JUDGE SPADA: Do you concur?
JUDGE McMAHON: I do.
JUDGE SPADA: The panel was satisfied that the state had proven the following elements beyond a reasonable doubt: That the defendant intentionally started a fire and that he recklessly caused destruction or damage to a building of his own or of another. Judge Langenbach had brought to my attention that the conclusion of the majority of the panel is that the defendant intentionally started a fire which recklessly caused damage to the building designated in testimony as 61 Imlay Street, Hartford.
To recap the matter, the judgment in the first count is the panel finds the defendant guilty by unanimous vote. In the second count, the panel finds the defendant guilty by a vote of two to one, and in the third count the panel finds the defendant unanimously guilty.
Sentencing date is suggested to be June 25 on a Friday, and because of conflicts that one member of the panel has on June 25, we are going to request — the mittimus should so note, Ms. Lewis — that the defendant be returned to this courthouse on June 25 with the sentencing proceeding to start at 9:30 a.m..
We'll also order a PSI and ask that the PSI, Ms. Lewis, be made available to the panel one week before the sentencing.
Mr. O'Connor, is the issue of bond moot? Well, that wouldn't occur until the sentencing.
Is there anything further?
And the record should note that all the appropriate assigned attorneys are present in court and that the defendant has been present in court from the opening of court to the announcement of the various judgments on the various counts.
Yes, Ms. Bernstein.
MS. BERNSTEIN: Yes, your Honor. I've given the clerk and counsel copies of a motion. It is a motion for examination CT Page 6774 pursuant to 17a-566, and I think the motion speaks for itself. I would ask that the court order that examination.
JUDGE SPADA: When do you want to be heard on it?
MS. BERNSTEIN: Well, your Honor, I could be heard on it right now.
JUDGE SPADA: Want to be heard on it now. Are you prepared to argue this motion right now?
MS. GALLO: The state is not going to object.
JUDGE SPADA: State is not going to object. Is it because you don't have standing or do you have any other reasons you want to share with the court?
MR. O'CONNOR: May I be heard, your Honor?
JUDGE SPADA: Yes.
MR. O'CONNOR: Thank you. This is the old 17-244 of the Connecticut General Statutes. It has been sent over to 17a, title 17a. It is within the discretion of the tribunal to order such an examination. The standard really is within the discretion of the tribunal. We see no harm whatsoever in such a motion. There are two phases. There is the preliminary screening examination which is done right now and that is the motion before the court. Thereafter, there is a hearing — three stages, I stand corrected. The first is the ordering of the examination by the court diagnostic clinic, thereafter, if they so recommend, then the tribunal can order a sixty day commitment to Whiting Forensic Institute for a period — for a series of examinations, psychiatric, psychological, etc., and then finally the sentencing panel would determine whether or not, in fact, the sentence is imposed for incarceration or in accordance with the suggestion from the court — I am sorry — from the Whiting Forensic team. This is the very first such motion, the preliminary motion, and accordingly, we have no objection to it.
JUDGE SPADA: Is there a threshhold or prima facie demonstration that needs to be made at the first stage or is the request sufficient?
MR. O'CONNOR: I think basically that the request is CT Page 6775 sufficient and based upon what I've observed and what is within the court file from prior motions having been — motions for hearings pursuant to 54-56d having been made, we are not going to object.
JUDGE SPADA: My only request, Ms. Bernstein, is you should have notified the panel with the time of day it is this morning. We've been in this courtroom for approximately forty-five minutes prior to announcement of the judgment. The court should have been alerted so that we could examine this statute and have addressed it accordingly
MS. BERNSTEIN: I am sorry, your Honor. It is a post conviction motion, so —
JUDGE SPADA: You didn't hear me. I said you should have alerted the court as to what you were planning to do in the event of a conviction.
MS. BERNSTEIN: Sorry, your Honor.
JUDGE McMAHON: If I am not mistaken, you can do the 17a motion before the PSI. What is the statutory — like four weeks or so, four or five weeks.
MR. O'CONNOR: I. haven't reviewed it. I thought it was two weeks for the first phase. There has to be an examination within two weeks.
JUDGE SPADA: All right. We are going to ask everybody to — the defendant will be retained, remain here, we'll take a recess and we'll ask the lawyers to remain at counsel table.
(Whereupon a recess was taken.)
JUDGE SPADA: Let the record reflect that all counselors and the defendant are present.
MS. BERNSTEIN: Your Honor, did you want to hear from me?
JUDGE SPADA: In view of the state's concession that it has no objection to the motion, this panel does not necessarily in granting the motion validate allegations contained in paragraphs two and three of your motion, Ms. Bernstein, but we do validate he has been convicted of offenses for which the penalty must be CT Page 6776 imprisonment and we have examined the statute and Mr. O'Connor is correct that it does apparently trifurcate.
The first stage where we are now, the motion for examination is granted to the extent that the Commissioner of Mental Health and Addiction Services is ordered to conduct an examination and that the results of that examination are to be made available to this panel on or before, Ms. Lewis, please, on or before June 3, 1999. A hearing on that report, not expected to be of any great length, will be set for 10:00 June 4.
Do you have those dates, Ms. Gallo?
MS. GALLO: Yes. Thank you.
JUDGE SPADA: And Ms. Lewis, will the clerk's office take the necessary undertaking to advise the commissioner —
THE CLERK: Yes, your Honor.
JUDGE SPADA: That he is to be examined and I know they are familiar with the statute and if they make a recommendation in their report, then we can address it on June 4 as to whether an additional examination at the diagnostic unit is warranted. In addition though, presentence investigation report should go forward without any interruption. Tell the probation department that the judges have set a sentencing date down for June 25 and that we very much would like a PSI report by June 18.
Is there anything else you wanted to add, Ms. Bernstein?
MS. BERNSTEIN: No, your Honor. I am sorry, your Honor, yes. Yesterday I made several motions for judgment of acquittal that were oral and I do have written things if you would like me to perfect those.
JUDGE SPADA: You can submit those to Ms. Lewis and we'll render the same decisions.
MR. O'CONNOR: We have nothing further, your Honors.
JUDGE SPADA: Anything else? We'll stand in recess, sheriff.
(Whereupon a recess was taken.) CT Page 6777
 CERTIFICATION
I, Robin Buscetto, a court reporter for the Superior Court, Judicial District of Hartford, do hereby certify that the foregoing four hundred thirty-one pages are a true and accurate transcription of my stenographic notes taken in the case of State of Connecticut vs. Alston Williams, on May 11, May 12, May 13, May 17 and May 18, 199, before the Honorables Arthur L. Spada, John J. Langenbach and Kevin P. McMahon.
Robin Buscetto Court Reporter